UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,

                                                              <u>DETENTION ORDER</u>

                                                              10-CR-6107L

        v.

ENRIQUE LOPEZ,

                        Defendant.
_____

      Defendant Enrique Lopez ("Lopez") was arrested in the Northern District of Illinois. The Government moved for detention and, after a hearing, United States Magistrate Judge Young B. Kim ordered Lopez detained pending trial and issued a written order to that effect on November 24, 2010. The Magistrate Judge's decision was based on risk of flight.

      Lopez was removed to this district and eventually defendant filed a motion for "rehearing" on the detention issue (Dkt. #26). This Court treated that motion as a motion pursuant to 18 U.S.C. § 3145(b) to modify, revoke or amend the prior detention order. Both the Government and Lopez filed papers and appeared before this Court for argument on the motion on October 18, 2011.

      Although the Government renewed its motion to detain Lopez based not only on flight but danger to the community, I ruled, from the bench, that pretrial detention was warranted, as found by the Magistrate Judge in the Northern District of Illinois, because I believe there are no condition or combination of conditions that would reasonably assure the presence of the defendant at trial.

      Because this defendant is charged with a narcotics offense which provides for a maximum sentence of life imprisonment with a minimum sentence of ten (10) years, the Government may move for detention and the statute provides, 18 U.S.C. § 3142(e), that there is a presumption, in such

a circumstance, that no condition or combination of conditions, will reasonably assure the presence of the defendant for trial.

I set forth in detail and at some length my reasons for concluding that detention was warranted on the record, and I incorporate here my reasons for such an order. *See United States v. Davis*, 845 F.2d 412, 415 (2d Cir. 1988).  In sum, I find that the defendant has failed to rebut the presumption that no condition will reasonably assure the defendant's appearance.

Defendant is, therefore, committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 24, 2011.