UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

DECISION AND ORDER

10-CR-6107L

v.

ENRIQUE LOPEZ,

Defendant.

By motion (Dkt. #49), defendant Enrique Lopez ("Lopez") renewed his previously-decided motion to dismiss. The bases for the motion are defendant's contentions that the Government will be unable to prove that Lopez was part of the charged conspiracy and that the indictment was not filed within the statute of limitations. The Government responded to the motion (Dkt. #54) and the Court heard oral argument on August 29, 2012. For the following reasons, defendant's renewed motion to dismiss is denied.

This is the second time that Lopez has sought the same relief. In his omnibus motions, Lopez sought dismissal on the same grounds now advanced in the present motion. The matter was originally presented to United States Magistrate Judge Marian W. Payson who recommended, in a thorough Report and Recommendation (Dkt. #39), that the Court deny the motion. Magistrate Judge Payson summarized the law that an indictment, valid on its face, cannot be dismissed on grounds that there is insufficient evidence to support it. Magistrate Judge Payson suggested that the time for such a motion based on insufficiency is at trial after the Government had presented its proof, on a motion under FED. R. CRIM. P. 29. Magistrate Judge Payson also determined that it is a question of fact for the jury as to whether the indictment complied with the requisite statute of limitations.

I adopted Magistrate Judge Payson's Report and Recommendation (Dkt. #41). I concurred with the Magistrate Judge that the indictment appears valid on its face, that the Government was entitled to rely on the presumption of continuity, and that issues relating to those matters are questions of fact for the jury which cannot be properly resolved on a pretrial motion.

Defendant's present motion adds little that would warrant this Court changing its prior decision. Lopez claims that he now has been provided with more pretrial materials, including some *Jencks* material (18 U.S.C. § 3500) and that that material, in Lopez's view, fails to demonstrate that Lopez engaged in any conspiratorial activity during the five years prior to the return of the indictment on June 3, 2010.

The indictment alleges that Lopez engaged in a conspiracy with others, unnamed, from about 2001 to on or about July 2005. At oral argument, the Government represented that one of the cooperating co-conspirators would testify that at the time of his arrest in July 2005, the defendant, Lopez, was continuing to sell cocaine to that witness and others related to the witness.

Nothing advanced on this present motion changes my view that this is a matter to be resolved at trial and not in a pretrial motion. A proper indictment was filed and the Government is entitled to rely on the presumption of continuity of the conspiracy unless evidence establishes otherwise *See e.g., United States v. Carneglia,* 2010 U.S. App. LEXIS 25783 at *3 (2d Cir. 2010); *United States v. Spero,* 331 F.3d 57, 60-61 (2d Cir. 2003). It also appears clear that the burden is on the defendant to establish the affirmative defense that the statute of limitations has been violated. *See Spero,* 331 F.3d 57 at 60 n. 2; *United States v. Flaherty,* 295 F.3d 182, 192 (2d Cir. 2002).

Those who are members of a conspiracy can show that they properly withdrew from the conspiracy or that the objects of the conspiracy had been completed prior to the 5-year period prior to filing of the indictment. *See Spero,* 331 F.3d 57 at 61.

If the defense is properly raised, the Court will of course instruct the jury on the relevant law concerning the Government's burden, defendant's burden and other legal principles relating to a statute of limitations defense. However, the question of whether the defense has been substantiated

rests properly with the jury. *See generally Corneglia,* 2010 U.S. App. LEXIS 25783; *Spero*, 331 F.3d 57 at 60 n. 2. Defendant's motion to dismiss is accordingly denied.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 5, 2012.