UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

<u>DECISION & ORDER</u>

10-CR-6107L

                        v.

ENRIQUE LOPEZ,

                                        Defendant.
_____

       Enrique Lopez ("Lopez") pleaded guilty to an Indictment charging him with conspiracy to distribute five kilograms or more of cocaine on September 7, 2012. On October 4, 2012, Lopez was sentenced principally to 100 months imprisonment in accordance with a Fed. R. Crim. P. 11(c)(1)(C) agreement. As part of the plea agreement, Lopez agreed to the imposition of a forfeiture money judgment in the amount of $1,000,000 and this Court issued a Final Order of Forfeiture in that amount.

       Lopez says now filed, *pro se*, a motion for return of property (Dkt. #79) pursuant to Fed. R. Crim. P. 41(g). The Government has filed a detailed response (Dkt. #83) to the motion with attachments. For the reasons set forth in the Government's response, the motion for return of property must be denied.

In the motion, Lopez seeks certain identification documents, a Mexican passport and $4,600 in United States currency. In its response, the Government has agreed that the identification documents will be returned to Lopez once he provides an address to which they can be mailed. Therefore, that part of the motion is moot. As to his request for the Mexican passport, based on materials submitted with the Government's response, it appears that the Government and the Drug Enforcement Administration do not have the passport since according to procedure it was sent to the United States Department of State. Therefore, that portion of the motion must also be denied. As the request for return of $4,600, that motion too must be denied. As noted in the Government's response, those monies were seized and forfeited to the Government in a civil proceeding. Notice of the forfeiture action was served on Lopez at his last address and there was amble publication of the intended forfeiture. In any event, as the Government notes, the statute of limitations has lapsed for commencing any action to challenge the forfeiture which has already occurred. As the Government notes, 18 U.S.C. § 983(e)(5) provided the exclusive remedy for setting aside an administrative forfeiture and the statute of limitations for filing such an action is five years after the date of final publication. The Government notes that the time for filing such an action concerning seizure of Mr. Lopez's funds was almost two years ago, on January 31, 2016. Therefore, defendant's motion for return of the monies must be denied. In addition, as the Government notes, any monies due and owing to Lopez would be subject to the $1,000,000 Order of Forfeiture and Judgment that was entered against him as part of the Plea Agreement and final sentence.

**CONCLUSION**

Enrique Lopez's motion (Dkt. #79) for return of property is in all respects denied, except to the extent that the Government has agreed to return certain items of personal property as listed in the Government's response.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 3, 2018.